JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MENDOZA GONZALEZ,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>SHERATON OPERATING CORP., et al.,<br>　　　Defendants. | CV 20-8785 DSF (AGRx)<br><br>Order GRANTING Motion for Remand (Dkt. No. 15) |

　　　Defendants removed this case based on diversity jurisdiction. Plaintiff has filed a motion to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for December 7, 2020 is removed from the Court's calendar.

　　　The Court is not satisfied that Kyung Soo Carroll is fraudulently joined. A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'"

Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

Plaintiff's discrimination and harassment claims under the California Fair Employment and Housing Act categorically can be brought only against the actual employer of an employee and cannot be brought against an individual employee supervisor. Reno v. Baird, 18 Cal. 4th 640, 663 (1998) (discrimination); Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1173 (2008) (retaliation). Nor can the other FEHA claims be brought against an individual supervisor because, like in Reno, they provide liability only for "employers" and not individuals. See Cal. Gov't Code § 12940(k) (failure to prevent discrimination or harassment); Cal. Gov't Code § 12940(m) (failure to accommodate disability). Plaintiff also cannot get around the FEHA limitation by pleading a common law claim for wrongful termination. Reno, 18 Cal. 4th at 664.

However, Plaintiff's claims under California Labor Code §§ 203, 226, and 226.7 can be brought against "a natural person who is an owner, director, officer, or managing agent of the employer." See Cal. Labor Code § 558.1. Plaintiff provides only a conclusory allegation that Carroll is an owner, director, officer, or managing agent of his corporate employer, Compl. ¶ 7, but Defendant Sheraton Operating Corporation has provided only an equally conclusory declaration that Carroll is not, and has never been, an owner, director, officer, or managing agent of Sheraton, Wheat Decl. ¶ 3.[1]

A "managing agent" for the purposes of § 558.1 has the same meaning as that term has for the purposes of punitive damages under

---

[1] "Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir.1995)).

2

California Civil Code § 3294(b). Cal. Labor Code § 558.1(b). "The term 'managing agent' includes only those corporate employees who exercise substantial independent authority and judgment in their corporate decision-making so that their decisions ultimately determine corporate policy." King v. U.S. Bank Nat'l Ass'n, 53 Cal. App. 5th 675, 266 Cal.Rptr.3d 520, 556 (2020) (internal quotation marks, ellipses, and citations omitted). "But the determination of whether certain employees are managing agents does not necessarily hinge on their 'level' in the corporate hierarchy. Rather, the critical inquiry is the degree of discretion the employees possess in making decisions[.]" Id. "The scope of a corporate employee's discretion and authority is a question of fact for decision on a case-by-case basis." Id.

> An employee exercising authority that results in the ad hoc formulation of policy is a managing agent. [A corporation] cannot attempt to shield itself from liability by the expedient of having a pro forma official policy – issued by high-level management – while conferring broad discretion in lower-level employees to implement company policy in a discriminatory or otherwise culpable manner. It is what the company *does* – including through the discretionary acts of its employees – not just what it *says* in a stated or written policy, that matters.

Id. at 557 (emphasis in original).

While it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff to rectify the deficiencies in an amended complaint. The determination of whether an individual is a "managing agent" is a fact-intensive inquiry that does not rely on corporate labels. Carroll was the Executive Chef at the hotel where Plaintiff worked and was Plaintiff's supervisor. Wheat Decl. ¶ 3. It is at least plausible that Carroll could have had the "broad discretion . . . to implement company policy in a discriminatory or otherwise culpable manner" that would make him a "managing agent" for the purposes of California Labor Code § 558.1.

    The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.  The request for attorneys' fees id denied.

    IT IS SO ORDERED.

Date: December 1, 2020

                                                    Dale S. Fischer
                                                    United States District Judge